# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME BAKER,<br><br>              Plaintiff,<br><br>      v.<br><br>MACOMBER, *et al.*,<br><br>              Defendants. | Case No.  1:24-cv-00737-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Jerome Baker ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On November 22, 2024, the Court screened the complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief. (ECF No. 7.)  The Court issued an order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice.  (*Id.* at 6.)  Plaintiff failed to file an amended complaint or

1

otherwise communicate with the Court, and the deadline to do so has expired.

## II. Failure to State a Claim

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California where the events in the complaint are alleged to have occurred. As best the Court can determine, Plaintiff also alleges the events occurred while he was housed at other institutions. Plaintiff names as defendants: (1) Jefferey Macomber, Secretary of California Department of Corrections and Rehabilitation, (2) Brian Phillips, Warden, (3) Alva, Assignment Lieutenant.

In claim 1, Plaintiff alleges a violation of the First, Eighth, and Fourteenth Amendments. Plaintiff alleges that he has been confined to prison since 1983 and has been denied the right to an education. Since 1983, Plaintiff has not been assigned to education. He does not have a G.E.D. or high school diploma. Every assignment lieutenant has denied Plaintiff access or the right to rehabilitation and has never assigned Plaintiff to education. Plaintiff has been denied the right to rehabilitate himself and educate himself. Every prison he has been assigned to has denied his right under the Rehabilitation Act[1] and to rehabilitation.

Plaintiff alleges his injury is that he "was discriminated against, my equal rights to rehabilitate myself have been denied."

In claim 2, Plaintiff alleges an Eighth Amendment violation. Defendants denied Plaintiff access, since 1983, to vocational, rehabilitation, and educational opportunities by leaving Plaintiff on a waiting list and not assigning Plaintiff to any educational opportunities.

As remedies, Plaintiff seeks to be placed immediately into education, and for CDCR to pay for all future education. Plaintiff also requests a tutor and monetary damages.

**C.     Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**1.     Federal Rule of Civil Procedure 8 and Linkage**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

---

[1] To the extent the Court interprets this allegation, the Rehabilitation Act does not apply to Plaintiff. Section 504 of the Rehabilitation Act provides, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a). Plaintiff does not allege that he was "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997).

1  (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
2  claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.
3  at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also*
4  *Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

   Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief.

   In addition, Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Plaintiff fails to link any defendant to the alleged wrongful conduct. Plaintiff may not simply assert that a deprivation occurred and then accuse a group of defendants of being "responsible" for that deprivation.

## 2. No Right to Educational Services

A due process claim requires deprivation of a constitutionally protected liberty or property interest. *See Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985). A protected liberty interest may arise either from the Due Process Clause itself, or from the laws of the states. *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). However, prisoners do not have a liberty interest in education or rehabilitation under the Due Process Clause, and there is no constitutional right to education or rehabilitation in prison. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (deprivation of rehabilitation and educational programs does not violate Eighth Amendment); *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration."); *Beck v. Lynaugh*, 842 F.2d 757, 762 (5th Cir. 1988) ("[A] state has no constitutional obligation to provide basic educational or vocational training to prisoners."); *Baumann v. Ariz. Dept. of Corrs.*, 754 F.2d 841, 846 (9th Cir. 1985) (general limitation of jobs and educational opportunities is not considered punishment); *Hoptowit v. Ray*, 682 F.2d 1237, 1254–55 (9th Cir. 1982) ("there is no constitutional right to rehabilitation"); *Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir. 1977) (state has no obligation to provide prisoners with educational programs). Therefore, Plaintiff does not have a right to

4

educational programs while incarcerated.

### 3. Fourteenth Amendment – Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Or. Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff does not state a cognizable equal protection claim. Plaintiff does not allege that he was discriminated against because of his membership in any protected class. He also does not allege that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.

### 4. Injunctive Relief

Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. I.N.S.,* 795 F.2d 1434, 1441 (9th Cir. 1986), quoting

*Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

#### B. Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose

6

1  responsibility it is to move a case toward disposition on the merits but whose conduct impedes
2  progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products*
3  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).
4      Finally, the Court's warning to a party that failure to obey the court's order will result in
5  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;
6  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's November 22, 2024
7  screening order expressly warned Plaintiff that his failure to file an amended complaint would
8  result in a recommendation of dismissal of this action, with prejudice. (ECF No. 7, p. 6.) Thus,
9  Plaintiff had adequate warning that dismissal could result from his noncompliance.
10     Additionally, at this stage in the proceedings there is little available to the Court that
11 would constitute a satisfactory lesser sanction while protecting the Court from further
12 unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in
13 this action, it appears that monetary sanctions will be of little use and the preclusion of evidence
14 or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

15 **IV.  Conclusion and Recommendation**

16     Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
17 District Judge to this action.
18     Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY
19 RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim
20 pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to
21 prosecute this action.
22     These Findings and Recommendation will be submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**
24 **(14) days** after being served with these Findings and Recommendation, the parties may file
25 written objections with the Court. The document should be captioned "Objections to Magistrate
26 Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages**
27 **or include exhibits. Exhibits may be referenced by document and page number if already in**
28 **the record before the Court. Any pages filed in excess of the 15-page limit may not be**

**considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**January 8, 2025**__         /s/ *Barbara A. McAuliffe*         _
                                        UNITED STATES MAGISTRATE JUDGE